The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act, and the employer-employee relationship existed between the parties at all relevant times.
2. The defendant was a duly qualified self-insured, with Hewitt, Coleman Associates as the servicing agent.
3. Plaintiff sustained an injury by accident arising out of and in the course of her employment on 1 June 1993, which resulted in bicipital tendonitis and epicondylitis of the right arm.
4. Plaintiff received temporary partial disability compensation from 20 July 1993 through 27 July 1993; and from 11 September 1993 through 24 September 1993. She received temporary total disability compensation from 25 September 1993 through 11 October 1993; from 21 October 1993 through 10 November 1993; and from 18 February 1994 through 19 February 1994.
5. The issues for determination are:
 a. Whether plaintiff is entitled to payment of additional temporary total disability benefits or permanent partial disability compensation as a result of the compensable injury to her right arm.
 b. Whether plaintiff is entitled to ongoing medical treatment as a result of the compensable injury.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was employed as a spooler, which required her to thread packages of nylon yarn onto a machine to be spun into nylon thread, tending two to three machines per shift. During a shift, plaintiff would change ten to twelve trays, which contained sixty spools per tray. In order to change the smaller spools, plaintiff would reach above her shoulder with a wrench. She removed the five-inch spools with two hands.
2. On 21 July 1993, plaintiff reported to her employer that she was experiencing right arm pain, for which a Form 19 was completed.
3. Plaintiff was referred for medical treatment to the right arm from July of 1993 through 18 August 1993, when she returned to her regular duty.
4. Plaintiff continued to work for defendant-employer until 6 February 1995, during which time she sought no medical treatment.
5. On 28 March 1995, counsel for plaintiff requested that the servicing agent authorize plaintiff to have medical treatment for her left arm. However, the servicing agent denied the request, as plaintiff had not given notice of a left arm injury, had never had the problem related to her work, and had received no medical care for her compensable right arm condition in seven months.
6. Plaintiff's job was analyzed on 10 March 1994 by Howard Perch of ProActive therapy, and it was recommended that a platform be installed due to plaintiff's height, in order to relieve her reaching. However, the employer rejected this suggestion as plaintiff did not work the same three machines, and other employees would be working the machine on two other shifts each day.
7. An analysis on 28 July 1994 recommended that plaintiff be permitted to stack her trays three high, rather than five high.
8. Pursuant to defendant's personnel policy, plaintiff was entitled to two weeks of vacation leave after three years with the employer. In January of 1995, plaintiff requested two weeks of vacation leave at the end of January and the first week of February, and was to return to work on Monday, 6 February 1995.
9. Plaintiff did not return to work on 6 February 1995; and after three days of failing to report to work, she was terminated, pursuant to defendant's personnel policy.
10. Plaintiff found other employment while on vacation leave, and she voluntarily terminated her employment.
11. Neither Dr. Hart nor Dr. Andrea Stutesman have found plaintiff to retain any permanent partial impairment to her right arm.
12. Plaintiff never provided notice to her employer of any alleged injury or condition affecting her left arm.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to carry the burden of proof to establish that she is entitled to any further benefits under the Act.
2. Plaintiff has failed to carry the burden of proof to establish that she was incapable of earning the same wages as she earned prior to the onset of the admittedly compensable disease in 1993. Hendricks v. Linn-Corriher Corp., 317 N.C. 179,345 S.E.2d 374 (1986). In fact, plaintiff returned to her regular job on 18 August 1994, where she continued to work through February of 1995, without seeking additional medical care. Plaintiff has further failed to prove that any reduction in her wage-earning was due to the compensable injury; rather, plaintiff earned less due to her voluntary termination in February of 1996.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for additional benefits is, and under the law, DENIED.
2. Each side shall pay its own costs.
 S/ _____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _____________ DIANNE C. SELLERS COMMISSIONER
S/ _____________ MARY MOORE HOAG DEPUTY COMMISSIONER
CMV:jmf